IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZACHARY CRAWFORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3:14-MC-70-B (BF) |
| | § | |
| DYNAMIC RECOVERY SERVICES, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Zachary Crawford has filed a motion to continue the debtor examination set for Thursday, November 6, 2014 or, in the alternative, to dismiss this matter without prejudice. As grounds for his motion, Plaintiff explains that "[d]ue to an inadvertent clerical error" it was recently discovered that Plaintiff's local counsel, who was ordered to appear in person at the examination, has a scheduling conflict with another matter. Pl. Mot. (Doc. 20) at 1, ¶ 3. When the scheduling error was realized on Monday, November 3, lead counsel for Plaintiff filed a motion to appear at the examination by telephone. *Id.*, ¶ 4. However, Plaintiff's motion for lead counsel to appear telephonically failed to advise the Court that his local counsel was unavailable. The motion also failed to comply with the local rules and has been stricken from the record of this case. Plaintiff's local counsel never contacted the Court to advise it of his scheduling conflict, and Plaintiff's lead counsel did not file his motion to continue the debtor examination until Wednesday, November 5, at 5:25 PM. It further appears that Plaintiff's lead counsel failed to confer with Defendant to determine whether his request to continue the examination is opposed. *See* N.D.Tex. LCivR 7.1(a). The motion does not contain a certificate of conference explaining why it was not possible to confer or why agreement could not be reached on this issue. *See* N.D.Tex. LCivR 7.1(b).

The Court declines to continue the debtor examination. The examination was previously set for August 22, 2014. Although Plaintiff's lead counsel had been granted permission to appear telephonically at the August examination, he failed to call in to the examination. Further, Defendant has not appeared at either of the examinations set by the Court. Accordingly, the Court recommends that the District Court grant Plaintiff's alternate request and dismiss this miscellaneous action without prejudice. FED. R. CIV. P. 41(a)(2).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court dismiss Plaintiff's this miscellaneous action without prejudice.

SO RECOMMENDED, November 6, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the

Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).